NO. 7991.

SUCCESSION

OF

GASPAR PIETRI

**7991**

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS.

----------------

**7991**

By his Honor John St. Paul.

On May 17th 1918. the deceased addressed a letter to Leo Fellman, opponent herein, authorizing him to lease to the Liberty Stores, Incorporated, certain property for a term of years, the rental to be one per cent per month of the estimated value of said premises, towit, $7500 for the ground and approximately $5000 for the building which the deceased agreed to erect and deliver on or about February 1st 1919; and therein the deceased agreed to pay Fellman a commission of 2% on the gross amount of the lease.

Four days later Fellman confected a written lease in exact accordance with his instructions; which lease was duly approved and signed by the Liberty Stores and by the deceased. But for reasons satisfactory to himself the lessor failed, neglected or refused to erect the building agreed upon, notwithstanding repeated requests made upon him by, or on behalf of, the tenant; and thus the latter was never able to enter upon the premises, possession whereof was retained by the lessor and his heirs.

Fellman seeks herein to recover the commission promised, and his claim is contested on the ground I. That the instrument called a lease was not such in law, the rent not being fixed and certain; and 2. That the deceased was not put in default.

1.

We think that under the maxim "Id certum est quod *redola* certum fieri potest", a rental fixed at a certain percentage of the value of a lot of ground and the cost of a building to be 'erected thereon is certain; being quite as certain as " a portion of the fruits yielded by the thing leased". C. C. 2671. See also, M & O. R. R. vs Tennessee, 153 U. S. 406; U. S. vs Smith, 5 Wheaton 59. For it is clear that once the building had been erected and its cost established, a ten year old child could have figured the amount of the rent. And if because of the failure, neglect or refusal of the deceased to erect the building, the exact cost thereof cannot now be established neither he nor his heirs can complain that his own estimate of the cost should be accepted as the basis of this claim since he has put it out of the power of the other parties to make that cost more certain. See Steppach vs Worms, 7 Orleans App 214; Rightor vs Aleman, 4 Rob 45.

But whether the contract between the deceased and the Liberty Stores, be or be not technically a lease, it was none the less a perfectly legal and valid contract even though innominate. Blouin vs Hebert, 134 La 423; Thielman vs Gahlman, 119 La 350; Phelan vs Wilson, 114 La 813. And it is quite certain that it was the very contract which the deceased authorized and approved, and for the procuring of

which he promised to pay the commission herein claimed., it follows that Fellman had earned his commission as soon as he had obtained the consent and signature of the parties. Slattery vs Hussey, 4 Orleans App. 65; Roberts vs Thomas, 8 Orleans App 211; Gurley &s Parkinson  vs Loeffler, 14 Orleans App 424; Succession of Fairchild, No. 7848 our docket.

## II.

It is urged that the deceased and his heirs are not liable for commissions because they were never put in default by the Liberty Stores. But the falacy of this contention lies in this; that Fellman has no concern with, the contract between the deceased and the Liberty Stores; and whether the parties thereto do or do not stand up for their rights thereunder cannot interest him. He is not suing upon that contract, but on that of May 17th by which the deceased promised to pay him a commission for certain services which he was to render and did render; and for which he is entitled to be paid. It is quite immaterial that the deceased afterwards backed out of the contract and that the other party took no legal steps to hold him to it; the fact remains that he accepted Fellman's services and promised to pay for them, and there is no good reason in law or in equity why he should not do so.

We think the judgment appealed from is correct,

Judgment Affirmed.